UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

                    Plaintiff,

    vs.

Steven P. Henchen,

                    Defendants.          Civ. No. 07-4083 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Government's Motion for Default Judgment.  A

Hearing on the Motion was conducted on March 20, 2008, at which time, the

Government appeared by Olivia R. Hussey, Trial Attorney, Tax Division; and no

appearance was made by, or on behalf of, the Defendant Steven P. Henchen.[1]  For

_____

[1]The Complaint also named the Minnesota Department of Revenue as a Defendant
in this action, given its interest in the real property at issue.  See, Complaint, Docket
No. 1, at ¶6.  On February 14, 2008, the Minnesota Department of Revenue and the
                                                      (continued...)

reasons which follow, we recommend that the Government's Motion for Default Judgment be granted.

## II. Factual and Procedural Background

On September 25, 2007, the Government filed a Complaint against the Defendant for the recovery of Federal taxes, interest, and penalties, pursuant to Title 26 U.S.C. §§7402, 7403. See, Complaint, Docket No. 1. The Government seeks to foreclose on Federal tax liens on certain real property, which belongs to the Defendant,[2] and which is described as "Block 1, Lot 4, Triangle Court, Mille Lacs County, Princeton, Minnesota" (the "real property"). Id. at ¶7. In its Complaint, the Government alleges that Henchen owes Federal income taxes, penalties, and interest, from the tax years of 1995, 1996, 1997, 2001, and 2002, in the total amount of

---

[1](...continued)
Government filed a Stipulation, in which they agreed that the State's interest in the real property is inferior to the Federal tax liens asserted by the Government. See, Docket No. 24. By Order dated February 20, 2008, the District Court dismissed the Minnesota Department of Revenue from this action, with prejudice, pursuant to the stipulation of the parties. See, Docket No. 26.

[2]Although the real property was originally purchased jointly by the Defendant and his former wife, at the Hearing, the Government advised that the property is now owned solely by the Defendant, pursuant to a dissolution decree dated January 14, 1981. See also, Complaint, supra at ¶¶8-9; Government's Memorandum in Support, Docket No. 19, at 2-3 ¶¶3-4.

$396,818.39, as of May 30, 2007. Id. at ¶11. The Government further alleges that the Defendant has failed to pay the assessed liabilities, despite notice and demand for payment. Id. at ¶13.

Accordingly, the Government contends that Federal tax liens arose, on the date of each assessment mentioned above, pursuant to Title 26 U.S.C. §§6321 and 6322, and attached to the Defendant's real property. Id. at ¶¶16-17. The Government further contends that Notices of these Federal tax liens have been properly filed with the Mille Lacs County Recorder. Id. at ¶18.

On November 20, 2007, the Government applied for an entry of default, pursuant to Rule 55(a), Federal Rules of Civil Procedure, based upon the Defendant's failure to timely answer or otherwise respond to the Complaint. See, Docket No. 13. Accordingly, on November 21, 2007, the Clerk of Court entered default against the Defendant. See, Docket No. 15.

The Government now brings a Motion for Default Judgment, pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure. See, Government's Motion for Default Judgment, Docket No. 18. The Government seeks a Judgment in the amount of the unpaid taxes, interest, and penalties, which are still accruing, in order to permit the foreclosure of its Federal tax liens, and it has submitted Certificates of Assessments

- 3 -

and Payments from the Internal Revenue Service ("IRS"), in support of its Motion. See, <u>Government's Memorandum in Support</u>, <u>Docket No. 19</u>, at 6; <u>Exhibit</u>, <u>Docket No. 20</u>.

The Defendant has not submitted any written response to the Government's Motion nor, as we have noted, did he make an appearance at the Hearing.

III.  <u>Discussion</u>

<u>The Government's Motion for Default Judgment</u>.

A.    <u>Standard of Review</u>.  According to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default."  A Judgment of default may, thereafter, be entered on application to the Court.  See, <u>Rule 55(b)</u>, <u>Federal Rules of Civil Procedure</u>; <u>Johnson v. Dayton Electric Manufacturing Co.</u>, 140 F.3d 781, 783 (8th Cir. 1998)("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); <u>United States v. Woods</u>, 2004 WL 790332 at *3 (D. Minn., March 31, 2004)("Rule 55(b)(2) commits the entry of a default judgment to the discretion of the district court."), citing <u>FTC v. Packers</u>

- 4 -

Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977); see also, Harris v. St. Louis Police Dep't, 164 F.3d 1085, 1086 (8th Cir. 1998).

When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer, or other pleading, prior to an entry of Default Judgment.  See, Johnson v. Allied Interstate Inc.,  2002 WL 1906024 at *2 (D. Minn., August 19, 2002)("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits.").

A Court may enlarge the time for the filing of a document when the failure to act was the result of excusable neglect.  See, Rule 6(b)(2), Federal Rules of Civil Procedure.  Our Court of Appeals has also recognized that a failure to file an Answer, or other required pleading, can be excused under certain circumstances, including "excusable neglect," when faced with the potential of a Default Judgment.  See, Johnson v. Dayton Electric Manufacturing Co., supra at 784.  Notably, Rule 55(c) allows the Court to set aside an entry of default for good cause, or pursuant to Rule 60(b), which, in turn, provides that a Judgment may be set aside upon a showing of

"mistake, inadvertence, surprise, or excusable neglect."   "[W]hether conduct is excusable is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" Johnson v. Dayton Electric Manufacturing Co., supra at 784, citing Pioneer Investment Services v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).

Guided by Johnson v. Dayton Electric Manufacturing Co., supra, the following factors are of principal importance: 1) "the blameworthiness of the defaulting party;" 2) whether the defaulting party has presented a meritorious defense; and 3) prejudice to the non-defaulting party. Id. at 784-785. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Id. at 785.  Instead, the asserted prejudice must be "concrete," such as the "loss of evidence, increased difficulty in discovery, or greater opportunities for fraud and collusion." Id., quoting Berthelson v. Kane, 907 F.2d 617, 621 (6th Cir. 1990). Such considerations reflect the "judicial  preference for adjudication on the merits." Id. at 784, citing Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

B.    Analysis. Here, the Government seeks a Judgment that grants it an entitlement to foreclose on its Federal tax liens, in order to satisfy the Defendant's indebtedness.  Section 6321 of the Internal Revenue Code  imposes a lien for income

taxes "upon all property and rights to property * * * belonging to" the person who is liable for those taxes. <u>Title 26 U.S.C. §6321</u>; see also, <u>United States v. Mitchell</u>, 403 U.S. 190, 204 (1971); <u>United States v. Solheim</u>, 953 F.2d 379, 382 (8th Cir. 1992). The lien imposed by Section 6321 arises upon assessment, and continues until it is satisfied or becomes unenforceable. See, <u>Title 26 U.S.C. §6322</u>. "As a threshold matter, before a determination of whether the property at issue must be sold to satisfy [the taxpayer's] federal tax liens, the tax assessments at issue must be reduced to judgment." <u>United States v. Hanson</u>, 2005 WL 3116099, at *2 (D. Minn., April 21, 2005). Accordingly, the Internal Revenue Code permits the Government to bring a civil action in a District Court, in order to enforce a Federal tax lien. See, <u>Title 26 U.S.C. §7402</u>; <u>Title 28 U.S.C. §§1340, 1345</u>; <u>United States v. Scherping</u>, 187 F.3d 796, 798 (8th Cir. 1999).

The Government has submitted evidence that the Defendant was served with the Summons and Complaint on October 6, 2007, see, <u>Docket No. 6</u>, and the Record reflects that the Defendant has not filed an Answer, or other responsive pleading, in this matter.[3] More than six (6) months have passed since the Clerk's entry of default,

---

[3]Although the Defendant has never filed an Answer in this action, we acknowledge that, on October 18, 2007, the Defendant filed two self-styled Motions, see, <u>Docket</u>
(continued...)

and the Government correctly observes that the facts of the Complaint have effectively been admitted, given the Defendant's failure to respond to or rebut those allegations. "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Rule 8(b)(6), Federal Rules of Civil Procedure. "[I]t is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief."  Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988), quoting Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D.P.R. 1974), citing, in turn, Thomson v. Wooster, 114 U.S. 104 (1885).  Accordingly, once the Clerk has entered default, the Defendant "is deemed to have admitted all well pleaded allegations in the complaint." Id., quoting Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., supra at 48.

--------

(...continued)

Nos. 3 and 4, which "seem[ed] to question the authority of the Judges of this Court to hear the parties' claims, and defenses, without evidence that establishes that the Judges will faithfully adhere to the United States Constitution."  See, Order, Docket No. 5.  On October 19, 2007, we directed the Clerk of Court to strike his Motions, for failure to comply with the Local Rules.  Id.  The Defendant has made no further submissions in this action, notwithstanding the Government's efforts to advise him of his obligation to file and serve an Answer or other responsive pleading, in order to avoid an entry of default.  See, Declaration of Olivia Hussey, Docket No. 14.

Further, the Record reflects that the Defendant is not an infant, nor an incompetent person, nor is he presently serving with the military. See, <u>Declaration of Olivia Hussey</u>, <u>Docket No. 21</u>, at ¶¶6-7, Exhibit B; see also, <u>Rule 55(b)(2)</u>, <u>Federal Rules of Civil Procedure</u>. Moreover, the Government's case against the Minnesota Department of Revenue, which was the only other named Defendant in this action, has been resolved, by a stipulation for dismissal with prejudice. See, <u>Docket Nos. 24, 26</u>. Accordingly, on this Record, we find no reason to postpone a determination of damages. Cf., <u>Pfanenstiel Architects, Inc. v. Choutreau Petroleum Co.</u>, 978 F.2d 430, 433 (8th Cir. 1992)("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."), citing <u>In re Uranium Antitrust Litigation</u>, 617 F.2d 1248, 1261-62 (7th Cir. 1980).

As noted, it is undisputed that the Defendant has defaulted on his obligations to pay his Federal taxes. See, <u>Complaint</u>, supra at ¶11. However, damages on Default Judgment must be proved, unless the amount claimed is liquidated, or is capable of ascertainment from definite figures contained in documentary evidence in the Record,

or in detailed Affidavits.  See, Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001)("When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding"), citing Thomson v. Wooster, supra at 111, and 10A Wright & Miller, Federal Practice And Procedure §2688 (3rd ed. 1998); Oberstar v. F.D.I.C., supra at 505.

Here, the Government has proved the amount owing by submitting Certificates of Assessments and Payments from the IRS.  See, Exhibit, Docket No. 20. "It is well established that IRS Certificates of Assessments and Payments are prima facie evidence of the validity of federal tax assessments."  United States v. Hanson, supra at *2, citing United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993), cert. denied, 510 U.S. 1193 (1994), citing, in turn, Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir.), cert. denied, 506 U.S. 891 (1992); see also, United States v. Vong, 2007 WL 1229341, at *3 (D. Minn., April 26, 2007); United States v. Johnson, 2007 WL 1695740 at *11 (D. Minn., March 30, 2007); cf., Rule 55(b)(2), Federal Rules of Civil Procedure ("[T]he court may conduct hearings * * * when, to enter or effectuate judgment, it needs to * * * (B) determine the amount of damages").

In sum, we find that the Defendant's liability to the Government has been conclusively established, as outlined in the Complaint, and in the IRS Certificates of Assessments and Payments.  In addition, there is nothing in the Record which disputes the Government's assertion, that Notices of its Federal tax liens were timely filed with the Mille Lacs County Recorder.  See, <u>Complaint</u>, supra at ¶18.

Accordingly, we recommend that the Government's Motion for Default Judgment be granted, and that Judgment be entered against the Defendant in the amount of $396,818.39, plus interest and penalties, accruing since May 30, 2007.  We further recommend that the District Court authorize the Government to foreclose its Federal tax liens, and to sell the Defendant's real property, in order to satisfy the Defendant's tax liability, pursuant to Title 26 U.S.C. §7403(c).[4]  Lastly, we recommend that the Government be directed to submit a proposed Order of Judicial Sale, in order to expedite the foreclosure proceedings.  See, <u>United States v. Drescher</u>, 2004 WL 909427 at *1 (D. Minn., March 15, 2004).

NOW, THEREFORE, It is --

---

[4]As noted, there is nothing in the Record which suggests that any third party, other than the Minnesota Department of Revenue, has any interest in the real property at issue.  Accordingly, the equitable considerations of <u>United States v. Bierbrauer</u>, 936 F.2d 373 (8th Cir. 1991), are inapposite to this case.

RECOMMENDED:

That the Government's Motion for Default Judgment [Docket No. 18] be GRANTED.


Dated:  June 3, 2008                    s/Raymond L. Erickson
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE


## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 19, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 19, 2008,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the

transcript in order to resolve all of the objections made.